John L. Holtz (Neb. Bar No. 26047, Iowa Bar No. AT0013546)
Email: John.Holtz@alffconstruction.com
Attorney for Plaintiff
Alff Construction, L.L.C.
10011 J Street, Suite 6
Omaha, Nebraska 68127
Telephone: (402) 206-4146

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Alff Construction, L.L.C., an Iowa limited liability company | No. |
| Plaintiff, | |
| v. | **COMPLAINT** |
| alffconstruction.com, a domain name | |
| Defendant. | |

COMES NOW, Alff Construction, L.L.C., an Iowa limited liability company ("Plaintiff") and complains and alleges as follows:

## NATURE OF ACTION

1. This is an *in rem* action asserted under the provisions of the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d), against the Internet domain name <alffconstruction.com> (the "Domain Name").

2. *In rem* jurisdiction is present and venue is proper with this court as, upon information and belief, the registrar of the Domain Name, GoDaddy.com, L.L.C. (the "Registrar"), while a Delaware limited liability company, has its headquarters in

Scottsdale, Arizona.

3.     Despite best efforts, Plaintiff has been unable to locate or contact the registrant of the Domain Name, Jamese Raylynn Newton (the "Registrant"), thus allowing for Plaintiff to file for action under 15 U.S.C. § 1125(d)(2)

## STATEMENT OF FACTS

4.     Plaintiff runs an exterior maintenance and construction business, and currently utilizes the domain name <alffco.com>, a screenshot of which is attached as Exhibit A. As Exhibit A shows, Plaintiff expressly uses the name "Alff Construction" ("Plaintiff's Mark") in its marketing and business.

5.     Plaintiff specifically chose the Domain Name as it matches Plaintiff's Mark, and desired to use a website with the Domain Name instead of <alffco.com> for its business purposes. Plaintiff decided to register the Domain Name with the Registrar.

6.     The Domain Name was registered with the Registrar by Registrant on or about May 11, 2019, as Registrant was an employee of Plaintiff at the time and asked to do so by Plaintiff. See Exhibit B, a screenshot of the WHOIS information for the Domain Name taken September 1, 2020.

7.     Registrant was to register the Domain Name on Plaintiff's behalf and in Plaintiff's name, so that Plaintiff might utilize the Domain Name for its own business purposes.

8.     On or about November 10, 2019, Plaintiff terminated Registrant's

2

employment for alleged improper use of a company credit card.

9.     It was learned by Plaintiff at some point after the termination of Registrant's employment that Registrant had registered the Domain Name in her name, not Plaintiff's name, as Plaintiff's members intended.

10.     Registrant never provided Plaintiff the information Plaintiff would need to have access to and utilize the Domain Name before or after the termination of her employment.

11.     Plaintiff attempted to contact Registrant at what Plaintiff believed was her residence, 7361 North 88th Street, Omaha, Nebraska 68122, only to learn that the property was foreclosed upon on November 13, 2019. Attached as proof of this foreclosure is Exhibit C.

12.     Plaintiff also attempted to contact Registrant by the phone number that Registrant had used in the past, but was unsuccessful.

13.     Plaintiff has attempted to find and contact Registrant by mail, phone, and e-mail to discuss the matter and come to some agreement whereby the Domain Name will be given to Plaintiff, all to no avail. Attached as Exhibit D is a letter Plaintiff sent to Registrant on July 28, 2020.

14.     Plaintiff even entered a service agreement with the Registrar, through its domain brokering system, to contact Registrant and make her a settlement offer in exchange for exclusive access to and use of the Domain Name, to no avail. Attached as

Exhibit E is a copy of the correspondence between Plaintiff and the Registrar's employee regarding this agreement and the results thereof.

15.    The Domain Name is identical or confusingly similar to Plaintiff's Mark.

16.    Plaintiff's Mark is distinctive and was distinctive at the time of the above events.

17.    While Registrant was authorized to have access to the Domain Name when she was employed, she was required to relinquish said access and provide Plaintiff with all information needed for such access by its own employees.

18.    Upon information and belief, Registrant has withheld the information needed to access the Domain Name from Plaintiff in retribution for Plaintiff's termination of her employment.

19.    Upon information and belief, Registrant intentionally registered the Domain Name in her own name, rather than in Plaintiff's name, to give her leverage over Plaintiff.

20.    Upon information and belief, Registrant has refused to properly provide updated contact information to Plaintiff for the purpose of frustrating Plaintiff's attempts to acquire the needed information to access the Domain Name.

21.    Plaintiff has not given Registrant authority to use the Domain Name or have access to it since the termination of her employment with Plaintiff.

22.    Upon information and belief, Registrant does not have any intellectual

4

property rights or any other rights in Plaintiff's Mark or the Domain Name.

23.     Upon information and belief, the Domain Name does not consist of a trademark owned by Registrant, the legal name of Registrant, or a name that is commonly used to identify Registrant.

24.     Plaintiff has been unable to contact Registrant since the termination of Registrant's employment with Plaintiff despite Plaintiff's best efforts.

**COUNT ONE: CYBERSQUATTING UNDER THE ANTI-CYBERSQUATTING CONSUMER PROTECTION ACT (15 U.S.C. § 1125(d))**

25.     Plaintiff realleges and reincorporates by reference the allegations of Paragraphs 1 through 25 inclusive as if fully set forth herein.

26.     Plaintiff's Mark is distinctive and was distinctive before Registrant improperly registered the Domain Name in her name.

27.     The Domain Name is either identical or confusingly similar to Plaintiff's distinctive mark.

28.     Registrant intentionally registered the Domain Name in her name as a means of providing herself leverage against Plaintiff.

29.     Registrant has, in retribution for terminating her employment, intentionally withheld and continues to withhold from Plaintiff the information needed to access and use the Domain Name.

30.     Registrant has intentionally misled Plaintiff as to her whereabouts so as to prevent Plaintiff from bringing proper suit under the law and from making a settlement offer for the rights to the Domain Name.

31.     Plaintiff reasonably believes that access and use to the Domain Name would better facilitate Plaintiff's business aims and concerns.

32.     Registrant's registration and use of the Domain Name has caused and will continue to cause irreparable harm to Plaintiff, for which there is no adequate remedy at law.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the Court enter judgment against the Domain Name as follows:

A. Order the transfer of the Domain Name to Plaintiff's duly authorized members, as well as any other domain names registered to and/or used by Registrant that are confusingly similar to Plaintiff's Mark, including but not limited to domain names containing Plaintiff's Mark and domain names containing misspellings of Plaintiff's Mark.

B. Grant Plaintiff all other relief to which it is entitled and such other or additional relief as is just and proper.

DATED:    September 1, 2020

Respectfully submitted,

1

2
John L. Holtz, NE #26047, IA #AT0013546 (*Pro Hac Vice*)

3
Alff Construction, L.L.C.

4
10011 J Street, Suite 6

5
Omaha, NE 68127
402-206-4146

6
john.holtz@alffconstruction.com

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28